1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    ABKCO MUSIC, INC.,                      Case No.  17-mc-80017-EMC

8              Plaintiff,
                                             **ORDER GRANTING THIRD-PARTY'S
9         v.                                 MOTION TO QUASH**

10   WILLIAM SAGAN,                           Docket No. 1

11             Defendant.

12

13        Third Party George Ivan Morrison ("Van Morrison") has moved to quash a subpoena

14   served on him by Defendants in relation to a case pending in the Southern District of New York.

15   Having considered the parties' briefs and accompanying submissions, the Court **GRANTS** the

16   motion to quash.

17        Van Morrison argues that the subpoena should be quashed for both procedural and

18   substantive reasons.  Because the Court agrees that there is a procedural defect with the subpoena,

19   it need not address the substantive arguments raised by Van Morrison.

20        There is a procedural defect with the subpoena because Federal Rule of Civil Procedure 45

21   provides that "[a] subpoena may command a person to attend . . . a deposition only as follows: (A)

22   within 100 miles of where the person resides, is employed, or regularly transacts business in

23   person."  Fed. R. Civ. P. 45(a)(1).  Here, the subpoena served on Van Morrison commanded that

24   he appear for a deposition in San Francisco, California.  *See* Adamson Decl., Ex. A (subpoena).

25   But there is insufficient evidence that San Francisco is within 100 miles of where Van Morrison

26   resides, is employed, or regularly transacts business.  Defendants contend that Van Morrison has a

27   residence in Mill Valley, California, noting that (1) Van Morrison owned certain real property

28   there from at least February 1982 to 2010 and that (2) even though a corporate entity is now the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  formal owner of that property, he still has an interest in the property as reflected by the fact that

2  his daughter lives there.  *See* Opp'n at 13-14 (emphasizing Van Morrison's admission in his

3  declaration that his daughter resides in Mill Valley).  The problem for Defendants is that, even

4  accepting the evidence of prior and current ownership[1] and of Van Morrison's daughter's

5  residence, that is still insufficient evidence of residence on the part of Van Morrison.  Even if the

6  Court assumes that Van Morrison has a current ownership interest in the Mill Valley real property,

7  ownership in and of itself does not establish or even give rise to a prima facie case of residence.  A

8  person may easily own real property, *e.g.*, as an investment, without residing there.[2]  Moreover,

9  the Court has before it a declaration from Van Morrison testifying that he resides in Northern

10  Ireland.  *See* Van Morrison Decl. ¶ 2.

11     Accordingly, the Court concludes that there is insufficient evidence that Van Morrison

12  resides in Mill Valley and thus quashes the subpoena.  Van Morrison's motion is granted.  The

13  Court instructs Van Morrison to serve this order on Plaintiff ABKCO Music, Inc., within three (3)

14  days from the date of this order and to file a proof of service with the Court.

15     This order disposes of Docket No. 1.

17     **IT IS SO ORDERED**.

19  Dated: March 7, 2017

21  EDWARD M. CHEN
United States District Judge

---

[1] For purposes of this opinion, the Court considers the evidence of prior and current ownership even though Van Morrison has objected to it on various grounds.  *See* Reply at 3 n.2 (arguing that the evidence "lack[s] foundation, [is] not authenticated, and [is] inadmissible hearsay").

[2] This is true even accepting the proposition that a person may have more than one residence (as opposed to domicile).

2